IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ATLANTIC SPECIALTY INSURANCE COMPANY                          PLAINTIFF

V.                                               CIVIL ACTION NO. 1:14cv23-SA-SAA

WEBSTER COUNTY, MISSISSIPPI                                    DEFENDANT

MEMORANDUM OPINION

Before the Court is Defendant's Motion to Dismiss [6]. Upon due consideration of the motion, response, and authorities, the Court finds as follows:

*Factual and Procedural Background*

On February 10, 2014, Plaintiff Atlantic Specialty Insurance Company ("Atlantic Specialty") filed an action in this Court against Defendant Webster County, Mississippi ("Webster County"), seeking a declaration of rights, duties, and liabilities arising from an insurance policy ("Policy") dispute between the parties. However, instead of responding to the Complaint, Defendant filed its own suit against Plaintiff in the Circuit Court of Webster County, Mississippi, on March 6, 2014, based on the same subject matter and insurance dispute as Atlantic Specialty's federal declaratory judgment suit. On March 14, 2014, Defendant filed a Motion to Dismiss the federal declaratory action, based on lack of subject matter jurisdiction, governmental immunity, and both Colorado River and Declaratory Judgment abstention. In response, on March 21, 2014, Plaintiff removed the state court action to this Court and filed a response to Defendant's Motion to Dismiss, denying lack of subject matter jurisdiction, contending that governmental immunity does not apply in this matter, and asserting that neither Colorado River abstention nor Declaratory Judgment abstention weigh in favor of dismissal.

*Standard*

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." In re FEMA Trailer Formaldehyde Prods. Liab. Litig., 668 F.3d 281, 286 (5th Cir. 2012) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). As such, "a case is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).

A factual attack under Rule 12(b)(1) for lack of subject matter jurisdiction may occur at any stage, and "the plaintiff bears the burden of proof that jurisdiction does in fact exist." Menchaca v. Chrysler Credit. Corp., 613 F.2d 507, 511 (5th Cir. 1980). In ruling on a Rule 12(b)(1) motion, the Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." Lane v. Halliburton, 529 F.3d 548, 557 (5th Cir. 2008). Moreover, "a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." Ramming v. United States, 281 F.3d 158 (5th Cir. 2001).

*Analysis and Discussion*

A. Subject Matter Jurisdiction

Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Therefore, federal diversity jurisdiction is satisfied if the amount-in-controversy exceeds $75,000 and there is diversity of citizenship between the parties.

Upon review of the Complaint, the Court finds the first prong of federal diversity jurisdiction is satisfied, as the amount-in-controversy clearly exceeds $75,000. The subject matter of the dispute is a Commercial Property & Liability Policy between the parties. The Policy provides property coverage for ten separate locations, with a policy limit of $6,193,000. After a fire damaged a portion of the properties, Atlantic Specialty paid Webster County a total of $2,319,539.41. However, after retaining the services of a public adjuster, Scott Favre, Webster County submitted requests for additional payment of $1,629,299.31. In response, Atlantic Specialty filed this action to obtain a declaration of the respective rights, duties, and liabilities of each party under the Policy. Because the monetary value of the subject matter in dispute exceeds $75,000, the amount-in-controversy requirement is satisfied.

Although the first prong is satisfied, Webster County contends the second prong, diversity of citizenship, fails in this case. Webster County argues that it is not a citizen of Mississippi for diversity purposes. In support of its position, Webster County cites <u>Tradigrain, Inc. v. Mississippi State Port Authority</u>, which provides that "a *state* is not a citizen for purposes of diversity jurisdiction. 701 F.2d 1131, 1132 (5th. Cir. 1983) (emphasis added). However, Webster Country's reliance on this precedent is erroneous, as Webster County itself is not a State but rather a political subdivision of Mississippi. Therefore, this authority does not support Webster County's contention.

The Supreme Court has held that while a State itself is not a citizen of that State, a "political subdivision of a State, unless it is simply 'the arm or alter ego of the State,' is a citizen of the State for diversity purposes." <u>Moor v. County of Alameda</u>, 441 U.S. 693, 717, 93 S. Ct. 1785, 36 L. Ed. 2d 596 (1973). In addition, the Fifth Circuit and this Court have similarly held that political subdivisions, including counties, are citizens of the State for diversity purposes.

3

See Sherwin-Williams Co. v. Holmes Cnty., 343 F.3d 383 (5th Cir. 2003) (recognizing the existence of federal diversity jurisdiction in an action between a paint manufacturer and Mississippi counties and school districts); Boston v. Titan Indem. Co., 34 F. Supp. 2d 419, 420 (N.D. Miss. 1999) (stating "[f]or purposes of diversity, a county is considered a citizen of the state in which it is located). Relying on this settled precedent, the Court finds that Defendant Webster County is a Mississippi citizen for diversity purposes, as it is a political subdivision of the State.

According to the Complaint, Atlantic Specialty is a New York corporation with its principal place of business in Minnesota. Therefore, because Plaintiff, a Mississippi citizen, and Defendant, a New York and Minnesota citizen, are completely diverse, diversity of citizenship is satisfied for federal diversity jurisdiction purposes, thus satisfying the second prong of federal diversity jurisdiction. Whereas the amount-in-controversy exceeds $75,000 and the parties are completely diverse, federal diversity jurisdiction is proper over this matter.

*B. Colorado River Abstention*

Abstention is meant to be a narrow exception to the court's duty to adjudicate a controversy in which it has proper jurisdiction. Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 813, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). Moreover, abstention should only occur in exceptional circumstances and rests upon considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Id. at 817, 96 S. Ct. 1236.

Specifically, "Colorado River abstention by a federal court is only proper when there are parallel proceedings in both state and federal court involving the same parties and the same issues." Stewart v. Western Heritage Ins. Co., 438 F.3d 488, 491 (5th Cir. 2006). However, even

in the instance of truly parallel cases in federal and state court, "only the clearest of justifications" will warrant the federal court abstaining from jurisdiction. Colo. River, 424 U.S. at 819, 96 S. Ct. 1236. To determine whether such justification is present, the Court is to consider six factors: (1) assumption by either court of jurisdiction over a res, (2) relative inconvenience of the forums, (3) avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) to what extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. Stewart, 438 F.3d at 492. The Court should not apply these factors mechanically; rather, the Court should carefully balance them "with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983).

Webster County contends that an application of Colorado River abstention warrants dismissal of this action. Atlantic Specialty originally filed its declaratory action in this Court on February 10, 2014. Following, Webster County filed a subsequent action in Webster County Circuit Court on March 6, 2014. At the time, since the Circuit Court action was based on the same subject matter and involved the same parties, it constituted a parallel state action. However, on March 21, 2014, Atlantic Specialty removed the parallel state action to this Court (1:14-cv-53-SA-DAS). As a result of Atlantic Specialty's removal of the state action to this Court, there are now two federal court actions and there is no longer a parallel state court action. The Colorado River abstention doctrine is only applicable when there are parallel proceedings pending in both state and federal court. Diamond Offshore Co. v. A & B Builders, 302 F.3d 531, 540 (5th Cir. 2002). Whereas the original state action has been removed to this Court and there

5

is no pending state court action, Colorado River abstention is not applicable, and the Court, therefore, declines to apply it.

### C. *Declaratory Judgment Abstention*

Webster County argues that the Court should exercise its discretion in favor of declining to adjudicate this declaratory judgment action, pursuant to the Declaratory Judgment Act. To support this contention, Webster County alleges that Atlantic Specialty filed this declaratory judgment action in federal court in anticipation of a lawsuit by Webster County in state court and further contends that Plaintiff filed this action to engage in forum shopping.

In pertinent part, the Declaratory Judgment Act provides, "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201(a) (emphasis added). While federal courts have an obligation to exercise their jurisdiction in most circumstances, "the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995). Moreover, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Id. at 288, 115 S. Ct. 2137.

"It is now well-settled Fifth Circuit precedent that a district court has discretion over whether to decide or dismiss a declaratory judgment action." Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, 996 F.2d 774, 778 (5th Cir. 1993). However, while the district court retains broad discretion, it is not unfettered. Id. And "unless the district court addresses and balances the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine

6

on the record, it abuses its discretion." St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590 (5th Cir. 1994). The relevant factors to be considered by the district court include:

> [w]hether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy.

Id. at 590-91.

Upon a weighing of the relevant factors, the Court finds that Declaratory Judgment abstention does not weigh in favor of dismissing Atlantic Specialty's declaratory action.

First, there is no pending state action in which all of the matters may be fully litigated since Atlantic Specialty removed the state action from Webster County Circuit Court to this Court.

Secondly, Defendant asserts that Atlantic Specialty filed this suit in anticipation of a lawsuit and to engage in forum shopping. On February 6, 2014, Webster County sent Atlantic Specialty a letter demanding that Atlantic Specialty move forward with the claim. In this letter, Webster County threatened to file suit against Atlantic Specialty if action was not taken in regard to the claim. Four days later, Atlantic Specialty sent Webster County a response letter requesting additional information needed from Webster County to move forward with the claim. On that same day, February 10, 2014, Atlantic Specialty filed this suit. Webster County contends that Plaintiff only sent its response letter to delay the County from filing suit first. However, Webster County provides no additional evidence to support this argument.

"Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or

7

otherwise abusive 'forum shopping.'" Sherwin-Williams, Co., 343 F.3d at 391. In this case, Atlantic Specialty filed a proper declaratory judgment action in a proper forum in order to obtain a declaration of its rights, duties, and liabilities based on a legitimate dispute between the two parties. Defendant's assertions that Plaintiff engaged in impermissible forum shopping and improperly filed its suit in anticipation of litigation are not factually supported and amount to nothing more than mere speculation.

Moreover, this Court is the most convenient federal forum for the parties and witnesses. Atlantic Specialty filed this action in the federal court district in which Webster County is located. Webster County's offices are located less than sixty-five miles from the courthouse for the Northern District of Mississippi, Aberdeen Division. It has been consistently held that this distance is insufficient to establish that the forum is inconvenient. See Sherwin-Williams Co., 343 F.3d at 400 (holding that forcing a defendant to travel 121 miles to the federal forum did not weigh in favor of dismissal); Dow Agrosciences LLC v. Bates, 332 F.3d 323, 328 (5th Cir. 2003) (concluding that declaratory judgment defendants, twenty-nine farmers that lived across the Abilene, Amarillo, Fort Worth, San Angelo, and Wichita Falls Divisions of Northern District of Texas, were not inconvenienced by a trial in Lubbock Division of Northern District of Texas); Jackson v. Hankook Tire Co., Ltd., 2008 WL 2747081 (S.D. Miss. 2008) (finding that a sixty-eight mile drive for defendant and witness was not inconvenient). Therefore, the Court finds that a sixty-five mile drive for Defendant does not establish an inconvenient forum. This factor does not weigh in favor of dismissal.

Lastly, the purposes of judicial economy would be best served by the Court retaining its jurisdiction over this action. Since the previous state action filed by Defendant in Webster County Circuit Court was removed to this Court, there is no longer a pending state action

between the parties. Additionally, both parties have an interest in a determination of their respective rights and duties under the Policy, as it could have a distinct impact upon their future financial obligations. Therefore, efficiency would be best served by the Court exercising its jurisdiction and making such a determination of the respective rights of each party under the Policy.

For these reasons, the Court finds that the purposes of the Declaratory Judgment Act and the relevant factors to be considered do not weigh in favor of dismissal. As a result, the Court declines to dismiss the action based upon Declaratory Judgment abstention.

*D. Governmental Immunity*

Additionally, Webster County contends that as a political subdivision of the State of Mississippi, it enjoys governmental immunity from suit. In support of this position, Webster County argues that Mississippi Code § 11-46-3(1) provides immunity. In pertinent part, the statute reads:

> "The Legislature of the State of Mississippi finds and determines as a matter of public policy and does hereby declare, provide, enact and reenact that the "state" and its "political subdivisions," as such terms are defined in Section 11-46-1, are not now, have never been and shall not be liable, and are, always have been and shall continue to be immune from suit at law or in equity on account of any wrongful or tortious act or omission or breach of implied term or condition of any warranty or contract, including but not limited to libel, slander or defamation, by the state or its political subdivisions, or any such act, omission or breach constitutes or may be considered as the exercise or failure to exercise any duty, obligation or function of a governmental, proprietary, discretionary or ministerial nature and notwithstanding that such act, omission or breach may or may not arise out of any activity, transaction or service for which any fee, charge, cost or other consideration was received or expected to be received in exchange therefor.

MISS. CODE ANN. §11-46-3(1).

As emphasized by Atlantic Specialty in opposition to Webster County's Motion, this specific provision falls under Chapter 46, Title 11 of the Mississippi Code, entitled "*Immunity of*

*State and Political Subdivisions from Liability and Suit for Torts and Torts of Employees.*" (emphasis added). While Webster County is a political subdivision of the State and therefore does enjoy governmental immunity under the Mississippi Tort Claims Act ("MTCA"), Atlantic Specialty argues that this specific provision is inapplicable here because the suit falls outside its scope, as it is a declaratory judgment action.

This Court, along with the Mississippi Supreme Court, has previously held that while municipalities are immune from certain claims for monetary damages, governmental immunity does not prevent plaintiffs from seeking declaratory relief. See Ma v. City of Columbus, 1997 U.S. Dist. LEXIS 13514 at *4 (N.D. Miss. July 30, 1997) (holding that Mississippi Torts Claims Act did not apply to the plaintiff's claim for declaratory relief); Greyhound Welfare Found. v. Miss. State. Univ., 736 So. 2d 1048 (Miss. 1999) (holding "Mississippi Tort Claims Act applies only to tort suits for money damages"). Additionally, the Fifth Circuit has heard and considered a declaratory judgment action against multiple Mississippi counties and school districts without regard to governmental immunity. See Sherwin-Williams Co., 343 F.3d 383.

Upon consideration of the statutory provisions and the relevant case law, the Court finds that the MTCA is not applicable to declaratory judgment actions, and Webster County, therefore, does not enjoy governmental immunity in this action. In its Complaint, Atlantic Specialty solely requested declaratory relief, pursuant to 28 U.S.C. §§ 2201, 2202, in the form of a declaration of the rights, duties, and liabilities of the parties arising from the Policy. Atlantic Specialty did not request monetary damages or allege any conduct that is covered by the MTCA. Whereas the MTCA does not affect claims requesting pure declaratory relief, it is inapplicable in this action. As a result, Webster County is not immune from the relief sought by Atlantic Specialty, and the claim should not be dismissed based on governmental immunity.

*Conclusion*

For the foregoing reasons, Defendant's arguments for dismissal are without merit. Accordingly, Defendant's Motion to Dismiss [6] is hereby DENIED.

SO ORDERED on this, the 11th day of June, 2014.

                                            **/s/ Sharion Aycock**
                                            **U.S. DISTRICT JUDGE**