IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ATLANTIC SPECIALTY INSURANCE COMPANY                                              PLAINTIFF

V.                                                                            CAUSE NO.: 1:14CV023-SA-SAA

WEBSTER COUNTY, MISSISSIPPI                                                       DEFENDANT

CONSOLIDATED WITH

WEBSTER COUNTY, MISSISSIPPI                                                        PLAINTIFF

V.                                                                            CAUSE NO.: 1:14CV053-SA-DAS

ATLANTIC SPECIALTY INSURANCE COMPANY                                              DEFENDANT

ORDER ON MOTION TO APPOINT UMPIRE

The parties have jointly moved for the Court to appoint a "competent and impartial" appraisal umpire referenced in the Agreement for Appraisal as executed by the parties. In that motion, both sides put forth two candidates each to serve as the "competent and impartial" appraisal umpire. After reviewing the motion, the Court requested additional clarification on the parties' expectations as to the umpire's duties. The record has been supplemented.

Webster County thereafter filed a Motion to Clarify Statements in the Joint Motion for Appointment of the Umpire [46] regarding statements made against their second candidate for umpire, John Minor. Atlantic Specialty has responded. The content in the Motion to Clarify [46], the Response in opposition [48], and the Reply thereto [49] have been considered in making the determination of the appropriate umpire in this situation. Accordingly, after reviewing the Joint Motion, supplementation by the parties as to the expectations of duties, and the Motion to Clarify and its development of the record, the Court hereby appoints a "competent and impartial" appraisal umpire under the Agreement for Appraisal.

*Function of the Umpire and Appointment*

In November of 2014, the parties entered an Agreement for Appraisal which called for an "appraisal panel" of two party-appointed appraisers and an umpire. If the party-appointed appraisers are unable to agree on the selection of an umpire, the contract leaves such appointment to the discretion of the Court.

Pursuant to the Agreement for Appraisal, if the appointed appraisers do not agree as to the costs to repair, rebuild or replace the damaged Courthouse, the umpire may be tasked with, essentially, performing the duties of an additional appraiser. Indeed, a majority of the three-party appraisal panel (two party-appointed appraisers plus the independent umpire) could determine the total amount of the following:

(a) Replacement Cost Value of the Courthouse as of the date and time of the loss;

(b) Actual Cash Value of the Courthouse as of the date and time of the loss;

(c) The amount, if any, of Extra Expense Coverage costs which Webster County has incurred, if the Parties cannot agree prior to appraisal consistent with [another provision of the contract]; and

(d) The amount of Business Personal Property Coverage losses . . . if the Parties cannot agree prior to appraisal . . . .

Agreement, ¶ 9 (a) – (d). The Agreement further provides that

> [n]either the appraisers nor the umpire shall have authority to decide questions of law. Further, neither the appraisers nor the umpire shall attempt to resolve any issue of insurance coverage, Policy exclusions, compliance with the Policy terms and conditions, or any issue concerning the limits of insurance available under the Policy.

The parties jointly submitted an explanation of the function of the umpire to the Court, as well [45]. There, they indicated that the "function of the umpire will be to conduct his/her own investigation and exercise independent judgment; review the supporting information and

2

documentation, and consider the opinions of the two party-appointed appraisers." Therefore, "the umpire will be more like a third appraiser."

Pursuant to the appraisal agreement, both parties submitted two possible candidates for the umpire position. After briefly explaining why that candidate is particularly suited to be the umpire, the opposing side was given the opportunity to state objections. The parties also submitted the candidates' resumes or curriculum vitae. After reviewing the submitted materials and arguments, the Court appoints John Minor as the competent and impartial umpire in this endeavor.

John Minor, a licensed general contractor, is a WIND Network certified Umpire of property insurance appraisals. He has extensive experience in restoring and rebuilding historical buildings, and has been appointed as an appraiser on more than 650 claims. Further, Minor has served as an umpire in more than 150 appraisals, either selected by the agreement of the appraisers or appointed by a court. He is routinely retained as a consultant or expert witness in disputed property insurance claims. Minor is unquestionably qualified. Also, as a WIND Network Certified Umpire, Minor has agreed to adhere to and uphold a code of conduct emphasizing impartiality and fairness in appraising. The Court is confident that Minor will be the "competent and impartial" umpire called for pursuant to the parties' agreement.

Accordingly, John Minor is hereby appointed as the "competent and impartial" umpire to the appraisal panel.

The Motion for Appointment of Umpire is GRANTED.

SO ORDERED, this the 27th day of April, 2015.

                                                         /s/ Sharion Aycock
                                                         **U.S. DISTRICT JUDGE**